United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN T. SHUMATE,

Plaintiff,

v.

EDDIE ENGRAM, et al.,

Defendants.

Case No. 24-cv-06901-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and then an amendment. Plaintiff has been granted leave to proceed *in forma pauperis*.

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

1    cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to

2    raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

3    U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is

4    plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile

5    legal conclusions can provide the framework of a complaint, they must be supported by factual

6    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their

7    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

8    *v. Iqbal*, 556 U.S. 662, 679 (2009).

9         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

10    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

11    the alleged deprivation was committed by a person acting under the color of state law. *West v.*

12    *Atkins*, 487 U.S. 42, 48 (1988).

13         **Legal Claims**

14         Plaintiff discusses issues with the conditions of confinement at Sonoma County Main

15    Detention Center. Plaintiff appears to be a pretrial detainee.

16         Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of

17    the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations

18    to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795,

19    798 (9th Cir.1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995)

20    (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of

21    Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether

22    the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

23         ["M]multiple claims against a single party are fine, but Claim A against Defendant 1

24    should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605,

25    607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not

26    only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also

27    to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to

28    3 the number of frivolous suits or appeals that any prisoner may file without prepayment of

United States District Court
Northern District of California

1    required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

2    Plaintiff presents numerous claims against 19 Defendants in his original complaint and

3    amendment. He states that he has been denied out of cell time and reasonable access to phones,

4    showers, the yard, and shaving supplies; he has difficulty accessing the courts; there is a lack of

5    due process at disciplinary hearings; there is the intentional transmission of diseases; the jail

6    commits price gouging; detainees are illegally being transferred out of the county; administrative

7    remedies are unavailable; and there is difficulty in practicing his religion. However, in many

8    instances he fails to describe which Defendant is associated with which claim and how the

9    Defendant violated his rights.

10    The complaint and amendment are dismissed with leave to amend to focus on a few related

11    claims in a second amended complaint. Plaintiff may file additional cases regarding other claims.

12    Plaintiff should identify the individual Defendants and describe how they violated his

13    constitutional rights in specific incidents. Plaintiff is also informed that there is no constitutional

14    right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850,

15    860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). A Defendant denying

16    Plaintiff's inmate grievance fails to state a federal claim.

### CONCLUSION

18    1.  The complaint and amendment are **DISMISSED** with leave to amend in accordance

19    with the standards set forth above. The second amended complaint must be filed within **twenty-**

20    **eight (28) days** of the date this order is filed, and it must include the caption and civil case number

21    used in this order and the words "SECOND AMENDED COMPLAINT" on the first page.

22    Because an amended complaint completely replaces the original complaint, Plaintiff must include

23    in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

24    1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to

25    amend within the designated time will result in dismissal of this case.

26    2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

27    informed of any change of address by filing a separate paper with the clerk, headered "Notice of

28    Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

*United States District Court*
*Northern District of California*

1    may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

2    Procedure 41(b).

3        **IT IS SO ORDERED.**

4    Dated: November 18, 2024

5

6    _____

7    ROBERT M. ILLMAN
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4