United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. SHUMATE,<br>　　　　Plaintiff,<br>　　v.<br>EDDIE ENGRAM, et al.,<br>　　　　Defendants. | Case No. 24-cv-06901-RMI<br><br>**ORDER**<br>Re: Dkt. Nos. 9, 10, 11, 12 |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and then an amendment. The court dismissed the complaint and amendment with leave to amend and provided Plaintiff an opportunity to file a second amended complaint. Plaintiff filed a second amended complaint (dkt. 8) and then a motion to amend regarding the Defendants (dkt. 9), a motion to supplement the record (dkt. 10), and a motion to appoint counsel (dkt. 11).

Plaintiff's second amended complaint follows some of the instructions set forth by the court in the screening order, but Plaintiff fails to identify many of the specific Defendants and describe how they violated his constitutional rights. Plaintiff's motion to amend then removes many of the Defendants and seeks to add several unidentified Defendants. The court cannot determine from the filings what individual Defendants are responsible for the alleged constitutional violations.

Plaintiff's second amended complaint is dismissed without prejudice and Plaintiff may refile a second amended complaint that focusses on a few related claims and Plaintiff must identify the specific Defendants and describe how they violated his constitutional rights. It is insufficient to just allege that jail staff violated his rights. Plaintiff must also present all of his allegations in one second amended complaint. He may not submit multiple filings.

1    Plaintiff also requests the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately and the issues are not complex. The motion is denied.

For the foregoing reasons:

1.  The second amended complaint is dismissed without prejudice and Plaintiff may refile the second amended complaint within **twenty-eight (28) days** of the date this order is filed. Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The second amendment complaint and exhibits may be no longer than 25 pages. Plaintiff's motion (dkt. 10) to supply 400 extra pages is **DENIED**. Plaintiff may not incorporate material from the prior Complaints by reference. Failure to amend within the designated time will result in dismissal of this case. The motions to amend and appoint counsel (dkts. 9, 11) are **DENIED** without prejudice. The motion to proceed *in forma pauperis* (dkt. 12) is **DENIED** as moot because Plaintiff is already proceeding *in forma pauperis*.

2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

**IT IS SO ORDERED.**

Dated: March 12, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge